UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

BRANCH BANKING AND
TRUST COMPANY,

        Plaintiff,

v.                              Case No. 8:10-cv-291-T-33EAJ

PAIR A DICE, in rem, and
BRIAN MARSHALL,
in personam,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Branch Banking and Trust Company's Motion for Final Default Judgment (the "Motion" Doc. # 20), which was filed on August 9, 2010 in this admiralty case. In the Motion, Branch Banking and Trust Company ("BB&T") requests an order granting final default judgment in its favor and against in rem Defendant vessel Pair A Dice, Official Number 1195044, and against in personam Defendant Brian Marshall. (Doc. # 20 at 1). BB&T requests that this Court enter a final default judgment against Pair A Dice in the amount of $20,585,664.99 as of August 9, 2010, and with interest accruing in the amount of $4,186.30 per diem. (Doc. # 20 at 3). Further, BB&T requests that this Court enter a final default judgment against Mr.

1

Marshall for the amount of any deficiency remaining after a judicial sale of Pair A Dice. Id.

BB&T supports its Motion with an affidavit of indebtedness, filed under penalty of perjury by Bruce McDonald, the Senior Vice President, Regional Commercial Real Estate Lending Manager of BB&T. (Doc. # 20-1). Mr. McDonald's affidavit describes the underlying loan transactions between BB&T and Mr. Marshall, the loan documents, and Mr. Marshall's failure to promptly pay the full payment due as required on December 4, 2009, which resulted in Mr. Marshall defaulting on his obligations. (Doc. #20-1 at 2). For the reasons that follow, the Court will grant the Motion.

**I.   Default**

Local Admiralty and Maritime Rule 7.03 provides for entry of default judgment under Federal Rule of Civil Procedure 55(b). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See

Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On January 26, 2010, BB&T filed a complaint against Pair A Dice and Mr. Marshall to: (i) foreclose Preferred Ship Mortgages; (ii) to enforce a maritime lien for necessaries under 46 U.S.C. §§ 31301, et seq.; and (iii) to recover damages for breach of contract. (Doc. # 1).

Mr. Marshall accepted service, acknowledged receipt of the summons and the verified complaint, and waived formal service of process by authorized counsel on March 1, 2010. (Doc. # 12). On January 28, 2010, notice under Local Admiralty and Maritime Rule 7.03(h)(1) was accomplished on Pair A Dice when the United States Marshals Service arrested Pair A Dice and served the Verified Complaint upon it. The United States Marshals Service's Process Receipt and Return (Doc. # 9) reflects service was filed with the Court on

February 1, 2010.

Mr. Marshall failed to file responsive papers or otherwise defend. As such, on May 11, 2010, BB&T filed a Motion for Entry of Clerk's Default. (Doc. # 13). Accordingly, the Clerk entered defaults pursuant to Rule 55(a), Fed.R.Civ.P. and Local Admiralty and Maritime Rule 7.03(h), on May 12, 2010, against Pair A Dice and Mr. Marshall. (Doc. # 7).

Based upon the Clerk's entries of default, the well-pleaded factual allegations contained in the complaint, the Motion, and Bruce McDonald's affidavit filed under penalty of perjury, the Court determines that the Motion is due to be granted. BB&T is entitled to a judgment against Pair A Dice in the amount of $20,585,664.99 as of August 9, 2010, and with interest accruing in the amount of $4,186.30 per diem. (Doc. # 20 at 3). Further, BB&T is entitled to a final default judgment against Mr. Marshall for the amount of any deficiency remaining after a judicial sale of Pair A Dice. After the default judgment has been executed by the Clerk and filed, the Clerk shall close this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Branch Banking and Trust Company's Motion for Final

       Default Judgment (Doc. # 20) is **GRANTED**.

2. Branch Banking and Trust Company is entitled to a judgment against Pair A Dice, Official No. 1195044, in the amount of $20,585,664.99 as of August 9, 2010, and with interest accruing in the amount of $4,186.30 per diem.

3. Branch Banking and Trust Company is entitled to a final default judgment against Mr. Marshall for the amount of any deficiency remaining after a judicial sale of Pair A Dice, Official No. 1195044.

4. After the judgment has been filed, the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of September, 2010.

                        */s/ Virginia M. Hernandez Covington*
                        VIRGINIA M. HERNANDEZ COVINGTON
                        UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record