```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
                     IN ADMIRALTY
```

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,
v.                        Case No. 8:10-cv-291-T-33EAJ

PAIR A DICE, in rem, and
BRIAN MARSHALL,
in personam,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Brian Marshall's Motion to Set Aside Default Judgment (Doc. # 48), which was filed on January 31, 2011, in this admiralty case. Plaintiff Branch Banking and Trust Company filed a Response in Opposition (Doc. # 54) on February 17, 2011. For the reasons that follow, the Court denies the Motion.

**I.**    **Factual Background**

On January 26, 2010, Branch Banking filed a Verified Complaint against Pair A Dice, *in rem*, and Marshall, *in personam*, to: (i) foreclose Preferred Ship Mortgages; (ii) enforce a maritime lien for necessaries under 46 U.S.C. §§ 31301, et seq.; and (iii) recover damages for breach of contract. (Doc. # 1). Marshall accepted service, acknowledged

1

receipt of the summons and the Verified Complaint, and waived formal service of process by authorized counsel on March 1, 2010. (Doc. # 12). The Acceptance of Service states: "Marshall understands that a judgment may be entered against him if a written response to the Verified Complaint is not served within the time period provided by Federal law." (Doc. # 12 at 3). On January 28, 2010, the United States Marshals Service arrested the vessel, Pair A Dice, and on February 1, 2010, the process receipt and return was duly filed with this Court. (Doc. # 9).

Marshall failed to file responsive papers or otherwise defend against the Verified Complaint. On May 11, 2010, Branch Banking filed a Motion for Entry of Clerk's Default, and certified that a copy was sent to Marshall, as well as his counsel. (Doc. # 13 at 5). Accordingly, the Clerk entered defaults pursuant to Rule 55(a), Fed. R. Civ. P. and Local Admiralty and Maritime Rule 7.03(h), on May 12, 2010, against Pair A Dice and Marshall. (Docs. ## 14, 15).

On September 1, 2010, the Court entered an Order granting Branch Banking's Motion for Final Default Judgment against Pair A Dice in the amount of $20,585,664.99 as of August 9, 2010, with interest accruing in the amount of $4,186.30 per diem, and against Marshall for the amount of any deficiency

remaining after a judicial sale of the Pair A Dice. (Doc. # 22). That document was served on "All Parties and Counsel of Record." (Doc. # 22 at 5).

On September 2, 2010, Judgments were entered against the Pair A Dice and Marshall and served on "Counsel of Record" as well as "Unrepresented Parties." (Doc. # 23 at 1; Doc. # 24 at 1). Thereafter, the Court entered an Order directing the sale of the Pair A Dice through a public auction at the United States Marshals Service's earliest convenience, after proper publication of notice of the sale. (Doc. # 26). That Order was also served on "All Parties and Counsel of Record." (Doc. # 26 at 4). Pursuant to the Report of Sale by United States Marshal (Doc. # 27), the Pair A Dice was sold at public auction for $1,000.00, and the sale was confirmed pursuant to a Confirmation of Sale (Doc. # 29) entered on October 14, 2010.

On December 13, 2010, pursuant to Federal Rule 60(b)(6), the Court granted Branch Banking's motion to amend the judgment entered against Marshall to reflect the amount of the deficiency then known to be $20,584,664.99 ($20,585,664.99 – $1,000.00) with interest accruing in the amount of $4,186.30 per diem since August 9, 2010. (Doc. # 33). Again, the Court's Order was served on "All Parties and Counsel of

Record." (Doc. # 33 at 3). On December 14, 2010, an Amended Judgment was entered against Marshall and served on "Counsel of Record" as well as "Unrepresented Parties." (Doc. # 34 at 1). Now, five months after the order granting default judgment against him was filed and eight months after the clerk's default was entered against him, Marshall moves to set aside the default judgment.

**II. Analysis**

Pursuant to Federal Rule of Civil Procedure 55(c), this Court may set aside a default judgment as provided by Rule 60(b). Rule 60(b) explains

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Marshall argues that the default judgment against him should be set aside based on mistake, inadvertence, surprise or excusable neglect, or alternatively,

4

based on Branch Banking's alleged fraud, misrepresentation or misconduct. (Doc. # 48 at 6).

### A.  Mistake, Inadvertence, Excusable Neglect

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(citation omitted). Marshall is unable to satisfy any of these factors. Accordingly, his motion to set aside the default judgment pursuant to Rule 60(b)(1) is denied.

#### 1.  No Meritorious Defense

First, a party who seeks to set aside a default judgment under Rule 60(b)(1) "must make an affirmative showing of a defense" that is so likely to be successful that it "would probably change the outcome" of the case. Id. at 1296-97. The party must establish that he had a meritorious defense "by a clear and definite recitation of facts." Gibbs v. Air Can., 810 F.2d 1529, 1538 (11th Cir. 1987).

To begin, Marshall submits that he had a meritorious defense because he was also involved in state court litigation

5

with Branch Banking, and this Court should have abstained from deciding any state law issues regarding the deficiency, because the state court action was first filed. (Doc. # 48 at 9). However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" and is appropriate only in "exceptional circumstances." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

In Colorado River, the Court permitted abstention from a water rights litigation matter in which there were parallel state court proceedings because there were several exceptional circumstances: (i) the "avoidance of piecemeal litigation"; (ii) the absence of federal proceedings; (iii) the "extensive involvement of state water rights" in a case that named 1,000 defendants; (iv) the "300-mile distance" between the federal and state courthouses; and (v) the federal government's "existing participation" in the state litigation. Id. at 819-20.

Marshall fails to establish that there are any such exceptional circumstances at play in this matter such that this Court should shirk its "virtually unflagging obligation" to "exercise the jurisdiction given" to it. Id. at 817. Marshall's reliance on Mt. Hawley Ins. Co. v. Sarasota

6

Residences, LLC, 714 F. Supp. 2d 1176, 1177 (M.D. Fla. 2010) and Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1315 (M.D. Fla. 1998) is misplaced.  Both Mt. Hawley and Allstate involved cases arising under the Declaratory Judgment Act.  In Wilton v. Seven Falls Co., 515 U.S. 277, 279-82 (1995), the Supreme Court clarified that federal courts may abstain from cases arising under the Declaratory Judgment Act in favor of parallel state court litigation without satisfying Colorado River's exceptional circumstances test.  This matter involves no claims for declaratory relief, but rather numerous maritime issues arising under federal law.  Based on the foregoing, this purported meritorious defense fails to hold water.

In his second attempt to present a meritorious defense, Marshall contends that the default judgment in this case should be set aside because: (i) he was not given proper credit for certain real estate collateral which Branch Banking took title to; and (ii) the selling price for the vessel Pair A Dice was inadequate. (Doc. # 48 at 9 - 11).  Marshall fails to assert why these issues comprise a meritorious defense which would probably change the entire outcome of this case. In re Worldwide Web Sys., Inc., 328 F.3d at 1296-97.

As to the sale price of the Pair A Dice, the Court notes that while Marshall claims that he presented Branch Banking

7

with multiple offers for the vessel, he both failed to appear at the U.S. Marshal's public auction to bid, and failed to present this Court with any evidence as to the sufficiency of the sale price. As to the real estate collateral, Marshall may move to amend the default judgment, subject to the requirements of the Federal Rules, but these issues do not comprise meritorious defenses to the entirety of this matter. See Fed. R. Civ. P. 60(b)(5).

In his third attempt to posit a meritorious defense, Marshall alleges that Branch Banking "waived its right to seek a deficiency against him in this action or should be estopped from doing so." (Doc. # 48 at 11). Regarding the waiver defense, due to the "strong presumptions in favor of a maritime lien," a proponent of a waiver defense in this context must show that the creditor "deliberately intended to forego the valuable privilege of a maritime lien by looking solely to the personal credit" of someone other than the debtor. Stevens Tech. Servs., Inc. v. United States, 913 F.2d 1521, 1537 (11th Cir. 1990); see also Gulf Oil Trading Co. v. M/V Caribe Mar, 757 F.2d 743, 750 (5th Cir. 1985) ("district court was fully justified in concluding that [defendant] failed to shoulder the heavy burden of proving a waiver through reliance on the personal credit of someone other than

8

the vessel owner"). Marshall points to no such evidence, and as such, his waiver argument is unavailing.

In order to assert an equitable estoppel defense, Marshall would have to show that: (i) Branch Banking misrepresented material facts; (ii) was aware of the true facts; (iii) intended that Marshall would act on the misrepresentation or had reason to believe that Marshall would rely on it; (iv) Marshall did not know, nor should have known, the true facts; and (v) Marshall reasonably and detrimentally relied on the misrepresentation. Carneiro da Cunha v. Std. Fire Ins. Co. / Aetna Flood Ins. Program, 129 F.3d 581, 587 (11th Cir. 1997). Marshall does not identify any representation of material fact made by Branch Banking or explain how such a hypothetical representation was intended to induce reliance, nor does Marshall show his own reasonable reliance, or identify any detrimental reliance he undertook. Based on the foregoing, Marshall fails to present an equitable estoppel defense that is "likely to be successful." In re Worldwide Web Sys., Inc., 328 F.3d at 1296.

Finally, Marshall's jurisdictional arguments do not justify vacating the default judgment. Marshall claims that the statutory claim which Branch Banking asserted in the Verified Complaint "only [sought] relief against the vessel

9

Pair A Dice," and that therefore the Court either "did not have jurisdiction to award a deficiency judgment" or "should not have exercised such jurisdiction." (Doc. # 48 at 12). However, Congress clearly provided that mortgagees like Branch Banking may pursue deficiency judgments against owners like Marshall via *in personam* actions. 46 U.S.C. § 31325(b)("mortgagee may . . . enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in a civil action in personam in admiralty against the mortgagor . . . for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness"). The Verified Complaint clearly cites to this statutory authority in the first paragraph on the first page. (Doc. # 1 at ¶ 1) (alleging maritime lien claim "under 46 U.S.C. §§ 31301, et seq.").

Relatedly, Marshall's argument that the Court had no jurisdiction under Rule 59(e) to amend the original default judgment to reflect the deficiency fails because the Court did not act pursuant to Rule 59(e). Rather, the Court amended the judgment pursuant to Rule 60(b)(6), which, unlike Rule 59(e), does not have a 28-day jurisdictional time frame. (Doc. # 33 at 2)("Pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court grants the Motion."). In conclusion, Marshall fails

10

to satisfy the first factor required to set aside a default judgment pursuant to "mistake, inadvertence, or excusable neglect under Rule 60(b)(1)"– a meritorious defense. <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d at 1295.

### 2. **Prejudice to Branch Banking**

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must [also] show that . . . granting the motion would not result in prejudice to the non-defaulting party." <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d at 1295. Without any supporting case law, Marshall argues that Branch Banking would not suffer any prejudice if this Court were to vacate the default judgment. (Doc. # 48 at 13).

In contrast, Branch Banking contends that it would suffer significant prejudice if this Court were to vacate the default judgment in light of the five-month delay between the entry of the default judgments and Marshall's Motion. See <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922, 935 (11th Cir. 2007)(finding prejudice where defendant did not move to set aside default judgment until "over three and a half months after it was served with process, and over one month after the default judgment was entered"). Due to the substantial delay between the entry of default judgment and the instant Motion, the

11

Court finds that Branch Banking would experience prejudice if the default was set aside.

### 3. <u>No Good Reason</u>

Finally, in order to establish mistake, inadvertence, or excusable neglect, a defaulting party must prove that a good reason exists why he failed to reply to the complaint. <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d at 1295. Marshall contends that he chose not to respond to the complaint because he believed that this matter only concerned the possession and sale of the vessel Pair A Dice. (Doc. # 48 at 13). In light of the notice provided, as well as the content of the Verified Complaint, Marshall fails to allege "good cause" for his default.

The very first paragraph of the Verified Complaint states "[t]his is an action to foreclose Preferred Ship Mortgages and <u>to enforce a maritime lien for necessaries under 46 U.S.C. §§ 31301, et seq.</u> and to recover damages for breach of contract." (Doc. # 1 at 1)(emphasis added). Marshall is a named *in personam* defendant. (Doc. # 1 at 1). The Verified Complaint contains numerous allegations regarding Marshall's debts. <u>Id.</u> at ¶¶ 7-22. Furthermore, the Verified Complaint alleges that "[d]emand has been made upon the Defendant<u>s</u> for the payment of the sums owing to the Plaintiff, and the Defendant<u>s</u> have

12

failed to satisfy their obligations to make payment of the sums owing." Id. at ¶ 26 (emphasis added). Finally, the prayer for relief asks the Court to "enter judgment in Plaintiff's favor and against PAIR A DICE <u>and her owners and operators foreclosing Plaintiff's maritime liens</u> in the amount due at the time of entry of judgment." Id. at ¶ 30(d)(emphasis added).

All of these allegations gave Marshall fair notice that Branch Banking was seeking to recover from him personally. In addition, the statute cited in the first paragraph of the Verified Complaint provides, in relevant part, that upon "default of any term of the preferred mortgage [i.e., maritime lien], the mortgagee may" enforce the lien "in a civil action in rem for a documented vessel" and in "a civil action in personam in admiralty against the mortgagor . . . for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness." 46 U.S.C. § 31325(b). In other words, the statutory remedy Branch Banking plainly cited and pursued against Marshall and his vessel expressly provided that Branch Banking could pursue a civil action both against the vessel *in rem* and against Marshall *in personam* for a deficiency judgment.

In addition, Marshall has not provided a time line

13

regarding when he allegedly first became aware of the default judgment. This "lack of [chronological] detail" is "fatal" to Marshall's Rule 60(b)(1) motion. Sloss Indus. Corp., 488 F.3d at 935 (rejecting Rule 60(b)(1) motion supported by an affidavit that provided "no dates," because "time matters when one seeks to set aside a default"). Indeed, the "longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." Id.

The Clerk served all "Counsel of Record," including Marshall's counsel, with the entry of defaults on May 12, 2010. (Doc. ## 14, 15). After the incomplete withdrawal of Marshall's counsel, the Court granted Branch Banking's Motion for Final Default Judgment. (Doc. # 22). That Order was served on "All Parties" and "Counsel of Record." Id. Thereafter, on September 2, 2010, the Clerk entered the default judgments, which were served on both "Counsel of Record" and "Unrepresented Parties." (Docs. ## 23, 24).

Case law is clear that Marshall presumptively received these documents. Konst v. Fla. E. Coast R.R. Co., 71 F.3d 851, 851-55 (11th Cir. 1996) (noting "[t]he common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee," and "[t]here is a

14

presumption that officers of the government perform their duties"). The Court also notes that Marshall has not provided an affidavit from his prior counsel, or otherwise alleged that his prior counsel stopped forwarding papers received through CM/ECF to Marshall. Based on the foregoing, Marshall's claim that he was shocked to learn about the default judgment on September 2, 2010, is unpersuasive.

The Court determines that Marshall has failed to satisfy the final factor– "good reason"– required to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1). In re Worldwide Web Sys., Inc., 328 F.3d at 1295; Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996)(whenever "a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying [Rule 60(b)(1)] relief.")

**B. Alleged Fraud, Misrepresentation or Misconduct**

In addition, Marshall argues that the default judgment against him should be set aside based on Branch Banking's alleged fraud, misrepresentation or misconduct. (Doc. # 48 at 6). "Rule 60(b)(3) allows a district court to 'relieve a party or its legal representative from a final judgment,

15

order, or proceeding [based on] fraud . . . misrepresentation, or misconduct by an opposing party.  To prevail on a 60(b)(3) motion, the movant must present clear and convincing evidence that an adverse party has obtained a verdict through fraud, misrepresentation, or other misconduct.'" Kissinger-Campbell v. Harrell, Nos. 09-15377, 09-16424, 2011 WL 480001, at *7 (11th Cir. 2011)(quoting Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007)).

Marshall argues that he did not understand "that [Branch Banking] was seeking a money judgment against me" and "they essentially went behind my back and got the default judgment." (Doc. # 48-4 at 1, 5).  However, "conclusory averments of . . . fraud . . . unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Harvin v. Healthcare Funding Solutions, No. 10–13312, 2011 WL 396431, at *1 (11th Cir. 2011)(quoting Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). Marshall fails to present clear and convincing probative facts to support a finding of fraud, misrepresentation, or other misconduct.  The Court denies Marshall's motion to set aside the default judgment based on Rule 60(b)(3).

Accordingly, it is

16

**ORDERED, ADJUDGED,** and **DECREED:**

Brian Marshall's Motion to Set Aside Default Judgment (Doc. # 48) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May, 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record